16 F.3d 409
NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
 James R. COWDRICK; Esther Cowdrick, Plaintiffs-Appellants,
v.
FARMERS HOME ADMINISTRATION, United States Department of
Agriculture, Defendant-Appellee.
 No. 93-1056.
 United States Court of Appeals, Fourth Circuit.
 Jan. 20, 1994.
 
 Appeal from the United States District Court for the District of Maryland, at Baltimore. Frederic N. Smalkin, District Judge.
 David F. Albright, Horn & Bennett, Baltimore, MD.
 Richard D. Bennett, Kaye A. Allison, Baltimore, MD.
 D.Md.
 AFFIRMED.
 Before WILKINSON and LUTTIG, Circuit Judges, and SPROUSE, Senior Circuit Judge.
 OPINION
 PER CURIAM:
 
 
 1
 James R. and Esther Cowdrick are farmers indebted to the Farmers Home Administration (FmHA) for mortgages against real property in Virginia and Pennsylvania. They applied for certain loans from the FmHA, and after the application was denied, pursued an appeal through the administrative process. After exhausting their remedies with the FmHA, the Cowdricks brought suit in the district court. The Cowdricks appeal a district court order granting summary judgment in favor of the FmHA. We affirm.
 
 
 2
 In mid-December 1989, the Cowdricks received a letter from the FmHA regarding an earlier loan application. The letter stated that the Cowdricks were eligible for the Preservation Loan Service Program, but that further financial data was needed to complete the application and was to be submitted within thirty days of the date of the letter. The Cowdricks requested an extension of time to file the information. The FmHA denied the request for additional time, but gave the Cowdricks the opportunity to meet with the county committee after the deadline and to present any additional information for the committee's consideration. At the meeting, apparently with the county supervisor, the Cowdricks were given an extension of time until the end of January 1992 to submit the missing financial information. The Cowdricks did not submit the financial data.
 
 
 3
 The Cowdricks appealed the denial of their loan application to the area supervisor. A letter from the supervisor's office dated April 1, 1992, informed the Cowdricks that a hearing on their appeal had been scheduled for April 14, 1992, and would be rescheduled only in the event of a personal emergency. The Cowdricks contacted their attorney, who told them that he could not attend the hearing on that date. Mr. Cowdrick and his attorney unsuccessfully attempted to contact the FmHA to reschedule.
 
 
 4
 The hearing was held as scheduled on April 14. Mr. Cowdrick appeared on his own behalf and argued that the hearing should not be held as scheduled because his attorney could not be present. As a result of Mr. Cowdrick's protestations, the hearing officer granted the Cowdricks a fourteen-day period following the hearing to submit any additional evidence that was not presented at the hearing. Seven days later, the Cowdricks' attorney submitted a letter arguing that the hearing should not have been held as scheduled and complaining that he had been unable to reach the FmHA to reschedule. The letter also reiterated the evidence presented at the hearing, and informed the FmHA that the Cowdricks now had available the financial information that the FmHA had requested four months earlier. The hearing officer upheld the denial of the application because the financial information was not provided during the required time period.
 
 
 5
 The Cowdricks further appealed to the state and national directors. At the conclusion of their administrative remedies, the Cowdricks filed suit in federal district court alleging that they had been denied their statutory right to counsel at a hearing before the FmHA and that the FmHA's decision to deny their loan application was arbitrary and capricious. The district court granted summary judgment in favor of the FmHA. The Cowdricks noted a timely appeal from the district court's order and have moved for an expedited appeal and to submit the case to this Court on the briefs without oral argument. This Court previously entered an order expediting briefing in the case.
 
 
 6
 Agency decisions like the one at issue in this case are governed by the judicial review procedures of the Administrative Procedure Act (APA). 5 U.S.C. Sec. 701-706 (1988). The Court's task under the APA is to "decide all relevant questions of law, interpret constitutional and statutory provisions, and determine the meaning or applicability of the terms of an agency action." 5 U.S.C. Sec. 706. We will then set aside any agency action, finding, or conclusion that is "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law." 5 U.S.C. Sec. 706(2)(A).
 
 
 7
 The Cowdricks' first contention is that the FmHA deprived them of their statutory right to be represented by counsel at the hearing held in conjunction with the denial of their loan application. See 7 U.S.C. Sec. 1983b(c)(1)(B) (1988). This contention is without merit. The FmHA did nothing to deprive the Cowdricks of their right to have counsel at the hearing.
 
 
 8
 Further, assuming that the FmHA's actions in failing to contact the Cowdricks or their counsel in an effort to reschedule had denied the Cowdricks their statutory right to counsel, the Cowdricks have not demonstrated that they were prejudiced by this denial. See 5 U.S.C. Sec. 706 (court shall take account of rule of prejudicial error); Consolidated Gas Supply Corp. v. Federal Energy Regulatory Comm'n, 606 F.2d 323, 328-29 (D.C.Cir.1979), cert. denied, 444 U.S. 1073 (1980). Cf. Delgado-Corea v. I.N.S., 804 F.2d 261, 263 (4th Cir.1986) (holding that prejudice from the denial of a statutory right to counsel must be demonstrated to warrant relief in immigration cases). The Cowdricks were given fourteen days to submit any information that would have been submitted by their attorney had he been present at the hearing. No new information was submitted during this time. Because the Cowdricks have not shown they were prejudiced in any way by the alleged denial of their right to counsel, their claim is without merit.
 
 
 9
 The Cowdricks' second contention is that the FmHA acted arbitrarily and capriciously when it denied their loan application. This contention is likewise without merit. The FmHA denied the loan application because the Cowdricks failed to provide the required financial data within the allotted time period. This denial is supported by the regulations governing the loan program, and is in no way arbitrary or capricious. See 7 C.F.R. Sec. 1951.911(a)(5)(i)(A) (1992).
 
 
 10
 The Cowdricks' final contention, that the national director acted arbitrarily by not remanding the case to the state director is also meritless. The only support offered by the Cowdricks in their brief for this contention is that the state director's decision must have been wrong because he reviewed the case and made his determination in one day. This showing is not sufficient to demonstrate that the decision was arbitrary or capricious.
 
 
 11
 In conclusion, we find that all of the Cowdricks' contentions are without merit. Accordingly, we grant the Cowdricks' motion to submit the case on briefs and dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process. Further, we affirm the district court's order granting summary judgment in favor of the FmHA.